# In the United States Court of Federal Claims

No. 17-879
(Filed: 17 April 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BIG EASY STUDIOS, LLC, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

RCFC 26(b)(1); Scope of Discovery;
FRE 201; Judicial Notice; RCFC 30(b)(6).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*W. David Ross*, Ross Law Firm, PLLC, of Ridgeland, MS, with whom was *Christopher C. Van Cleave*, Van Cleave Law, PA, of Biloxi, MS, for plaintiff.

*A. Bondurant Eley*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were Joseph H. Hunt, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, all of Washington, DC, for defendant.

## OPINION AND ORDER

**HOLTE, Judge.**

Plaintiff alleges breach of contract against the government, through the National Aeronautics & Space Administration ("NASA"), based upon the refusal to execute a long-term lease agreement for a facility located in New Orleans, LA. Plaintiff utilized the NASA facility as a movie studio to film a series of feature-length films under a temporary short-term agreement. Plaintiff further made various improvements to the facility in anticipation of executing a long-term lease agreement. In the present action, plaintiff filed a series of discovery-related motions seeking various forms of relief. Following extensive briefing on the discovery disputes, this Court issued an order resolving the majority of issues. The parties subsequently filed a joint motion for clarification, seeking this Court's direction on the remaining discovery issues. Following transfer of the case to the undersigned Judge, the parties filed supplemental briefs on the remaining discovery issues. This Opinion and Order addresses the remaining discovery disputes as set forth in the parties' joint motion for clarification and associated supplemental briefing. As set forth herein: (1) plaintiff's request to conduct 30(b)(6) depositions of NASA officials and question such officials regarding various training procedures and related training materials is **GRANTED**; (2) the government's request for a protective order shielding it from discussing the information and materials defined in deposition topics 23 and 24 is **DENIED**; and

(3) plaintiff's request for judicial notice of any positions taken by NASA or related training materials in furtherance of the depositions is **DENIED**.

## I.    Factual and Procedural History

On 28 June 2017, plaintiff Big Easy Studios, LLC filed a complaint in this Court alleging "breach of its Contract(s), express and implied-in-fact, and Implied Covenant of Good Faith and Fair Dealings" with the government. Compl. ¶ 1. Plaintiff alleges NASA refused to execute a long-term lease agreement for plaintiff's "use of space at the Michoud Assembly Facility at 1300 Gentilly Road, New Orleans, Louisiana." *Id.* According to plaintiff, NASA's actions induced plaintiff "to expend significant funds, and NASA's failure to act in good faith in its dealings with [plaintiff] includ[e] forcing [plaintiff] to accept unfavorable terms after [plaintiff] made site improvements and movie commitments. *Id.*

On 12 June 2019, plaintiff filed a series of discovery motions. *See* Plaintiff's Motion to Deem NASA's Attorney/Client Privilege Waived as to Communications with Jim Frees and/or Others and Order Frees Appear for Deposition, ECF No. 44; Plaintiff's Motion to Compel NASA Corporate 30(b)(6) Responses to Designated Topics and Allow Additional Time Beyond the Initial 7 Hours to Complete NASA's 30(b)(6) Deposition, ECF No. 45; Plaintiff's Motion to Compel Production of Documents, ECF No. 46; and Plaintiff's Motion to Expedite Hearing and Enlargement of Time, ECF No. 47. Accompanying the series of motions was a memorandum in support. *See* Plaintiff's Memorandum in Support of Motions, ECF No. 43 ("Pl.'s Memo in Supp."). Plaintiff's discovery-related motions sought the following relief: (1) a waiver of the attorney-client privilege and work product privilege related to certain subject matter; (2) to compel the production of certain documents, communications, and witnesses to respond to certain designated deposition topics; and (3) to allow additional time for plaintiff to complete 30(b)(6) depositions. *See* Pl.'s Memo in Supp. at 3–4.

The government filed various responses to plaintiff's motions between 20 June 2019 and 24 June 2019. *See* Defendant's Response to Plaintiff's Memorandum in Support of Motions, ECF No. 49; Defendant's Response to Plaintiff's Motion to Deem Attorney-Client Privilege Waived, ECF No. 50; Defendant's Response to Plaintiff's Motion to Compel in Connection with NASA's 30(b)(6) Deposition, ECF No. 51; and Defendant's Response to Plaintiff's Motion to Compel Production of Documents and Motion for an Enlargement of Time to Complete Requirements for an Assertion of the Deliberative Process Privilege, ECF No. 57. On 3 July 2019, plaintiff filed a series of reply briefs in response to the government's responses. *See* Plaintiff's Reply to Defendant's Response to Memorandum in Support of Motions, ECF No. 61; Plaintiff's Reply to Defendant's Response to Motion to Deem NASA's Attorney/Client Privilege Waived as to Communications with Jim Frees and/or Others and Order Frees Appear for Deposition, ECF No. 62; and Plaintiff's Combined Reply to Defendant's Response to: Motion to Compel NASA Corporate 30(b)(6) Responses to Designated Topics and Allow Additional Time Beyond the Initial 7 Hours to Complete NASA's 30(b)(6) Deposition and Motion to Compel Documents, ECF No. 63.

This Court issued an order resolving the majority of the parties' discovery disputes on 12 July 2019. *See* Order on Plaintiff's Motions to Compel and Motion to Deem the Attorney-Client

Privilege Waived, ECF No. 64 ("Order on Disc. Mots."). This Court's 12 July 2019 order further found plaintiff's motion to expedite, ECF No. 47, moot. *Id.* In the 12 July 2019 order, this Court categorized the relief sought by plaintiffs as follows: (1) a "motion to deem NASA's attorney-client privilege waived;" (2) a "motion to compel NASA's 30(b)(6) witness to respond to designated Topics;" and (3) a "motion to compel product[ion] of documents withheld based on the deliberative process privilege." *Id.* at 12–13. This Court granted-in-part and denied-in-part plaintiff's motion for a waiver of the attorney-client privilege. *Id.* at 12. The government was ordered to produce certain documents, plaintiff was permitted to depose certain NASA witnesses, and the government's request for a clawback order was denied. *Id.* at 12–13. Plaintiff's motion to compel NASA's witness to respond to various deposition topics was granted-in-part and denied-in-part. *Id.* Plaintiff's motion to compel the production of documents was granted-in-part, with the court issuing a protective order to shield the documents. *Id.* at 13.

Following this Court's 12 July 2019 order, the parties filed a joint motion for clarification on 19 September 2019. *See* Corrected Joint Motion for Clarification of the Court's Order of July 12, 2019, ECF No. 70 ("Joint. Mot. for Clar.").[1] The parties sought "clarification as to the Court's resolution of their dispute with respect to [Deposition] Topic Nos. 23 and 24." *Id.* at 1. According to the parties, this Court's 12 July 2019 order acknowledges the parties dispute as to proposed deposition topics 23 and 24, but "contains no subsequent mention of either topic." *Id.* at 2. "As a consequence, the parties are unsure whether these topics will be permissible, foreclosed, or allowed with some limitation [during depositions]." *Id.* Deposition topic 23 "seeks to depose [NASA] as to:"

> The curriculum, course materials, training and certificates of completion made available by NASA to personnel that engaged, supported, negotiated with, and/or interacted with Big Easy, Herb Gains, and/or Jerry Lathan, including, but not limited to: Mark York, Robert Champion, Malcolm Wood, Roy Malone, Eric Shoemaker, Jim Taylor, Stephen Doering, Lori Garver and Patrick Scherman (sic).

*Id.* at 1. Deposition topic 24 "seeks to depose NASA as to:"

> A complete description, including but not limited to examples set out in course materials referenced above, of each and every way Defendant understood contracts and/or binding agreements with Defendant could potentially be implied and/or ratified; and identification of all facts and documents that memorialize that understanding; and the training regarding same given to each of the individuals who interacted with the Plaintiff through the time those interactions ceased.

*Id.* at 1–2. In the joint motion for clarification, plaintiffs "voluntarily limited the requested scope of Topics 23 and 24." Joint. Mot. for Clar. at 2. "In summary, the scope is limited to training and course materials that covered authority to contract." *Id.*

---

[1] The parties initially filed a joint motion for clarification on 18 September 2019. *See* Order, ECF No. 69. This Court was unable to properly view the parties' motion. *Id.* The Clerk was directed to strike the parties' motion and the parties were directed to refile the motion. *Id.*

On 25 October 2019, this Court deferred consideration of the parties' joint motion for clarification.  *See* Order, ECF No. 73.  Following the government's production of documents pursuant to the 12 July 2019 order, this Court intended to schedule a status conference to discuss, amongst other issues, "the joint motion for clarification, and how discovery should now proceed in this case."  *Id.* at 1.  Once the government's document production was complete, this Court ordered additional briefing "in order to resolve the plaintiff's motion for additional hours to depose the government's Rule 30(b)(6) designee."  Supplemental Briefing and Joint Status Report Order at 1, ECF No. 77.  The Court indicated the status conference outlined above would be scheduled after the supplemental briefing concluded.  *Id.* at 2.

This case was transferred to the undersigned Judge on 17 December 2019.  Order, ECF No. 78.  On 31 January 2020, plaintiff filed a notice indicating "[i]n lieu of supplemental briefing, . . . [the parties] conferred and reached an agreement regarding the amount of additional time for Plaintiff to complete NASA's 30(b)(6) deposition."  Plaintiff's Notice Regarding Supplemental Briefing on Additional Time for NASA's 30(b)(6) Deposition, ECF No. 83.  On 14 February 2020, the government filed a notice confirming the content of plaintiff's notice.  *See* Defendant's Response to Plaintiff's Notice Regarding Additional Time for Rule 30(b)(6) Deposition, ECF No. 84 ("As plaintiff correctly stated, the parties indeed have conferred and reached an agreement regarding the amount of additional time for plaintiff to complete NASA's 30(b)(6) deposition.").

The parties filed a joint status report on 21 February 2020 with a proposed schedule for further proceedings.  *See* Joint Status Report, ECF No. 85.  The parties further indicated they "are still in need of guidance from the Court as to the matters raised by both sides in their joint motion for clarification regarding Rule 30(b)(6) deposition Topics 23 and 24."  *Id.* at 1.  The Court held a status conference 17 March 2020 to discuss the parties' joint motion for clarification.  *See* Order, ECF No. 87.  Following the status conference, the Court issued an order permitting plaintiff to "file a supplemental brief . . . clarifying the scope of deposition topics 23 and 24 and providing any additional citation to relevant authority supporting plaintiff's position."  Order, ECF No. 88.  The government was further permitted to "file a response brief to plaintiff's supplemental brief."  *Id.*  Pursuant to the Court's order of 17 March 2020, plaintiff filed a supplemental brief regarding the parties' joint motion for clarification on 23 March 2020.  *See* Big Easy's Supplemental Brief in Support of and Clarifying the Scope of Deposition Topics 23 and 24, ECF No. 89.  The government filed a response brief to plaintiff's supplemental brief on 30 March 2020.  *See* Defendant's Response to Plaintiff's Supplemental Brief in Support of and Clarifying the Scope of Deposition Topic Nos. 23 and 24, ECF No. 90.  The parties seek the following relief through the joint motion for clarification and related supplemental briefing:  (1) plaintiff seeks to conduct depositions of NASA witnesses covering certain training procedures and related materials; (2) the government seeks a protective order to shield itself from discussing the training and related materials during depositions; and (3) plaintiff asks the Court to take judicial notice of certain information related to the training and materials and the government's position related thereto.  *See generally* Joint Mot. for Clar.; Suppl. Br.; Resp. to Suppl. Br.

## II.    Scope of Discovery Pursuant to RCFC 26(b)(1)

### a.    Applicable Law

This Court's interpretation of the Rules of the Court of Federal Claims ("RCFC") is guided by case law interpreting the Federal Rules of Civil Procedure.  *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended July 1, 2019) ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").  RCFC 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."  Whether information is relevant "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

"Questions of the scope and conduct of discovery are . . . committed to the discretion of the trial court."  *Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984).  The Court of Federal Claims generally "afford[s] a liberal treatment to the rules of discovery."  *Securiforce Int'l Am., LLC v. United States*, 127 Fed. Cl. 386, 400 (2016) *aff'd*, 879 F.3d 1354 (Fed. Cir. 2018), *and cert denied*, 139 S. Ct. 478 (mem.) (2018).  In deciding the proper scope of discovery, "the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."  *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (quoting Fed. R. Civ. P. 26(b)(1) Notes of Advisory Committee on Rules, 1983 Amendment).

A party may seek entry of a protective order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense" during the course of discovery.  RCFC 26(b)(5)(c)(1).  Pursuant to RCFC 26(b)(5)(c)(1)(d), such a protective order may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters."  "A movant for a protective order must confer or attempt to confer with the other affected parties to resolve the dispute and must show 'good cause' why a protective order should issue."  *Forest Prods. Nw., Inc. v. United States*, 453 F.3d 1355, 1361 (Fed. Cir. 2006) (quoting RCFC 26(c)).  "Good cause requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden."  *Id.* (citing *Capital Props., Inc. v. United States*, 49 Fed. Cl. 607, 611 (2001)).

### b.  Parties Arguments

Plaintiff seeks to question NASA officials during RCFC 30(b)(6) depositions regarding "training and course materials that cover[] authority to contract" with the government.  Joint. Mot. for Clar. at 2.  Plaintiff argues, based on the alleged training procedures and related training materials provided to NASA employees, that individuals other than the Administrator of NASA or those with "an express delegation of authority" could "bind NASA to the arrangement NASA and [plaintiff] had."  *Id.* at 3.  According to plaintiff, "[t]raining by NASA on the topics of 'Implied Authority', 'Imputation of knowledge', and 'Ratification' of the people NASA charged to interact with [plaintiff] is certainly relevant to [plaintiff's] claims."  *Id.*  Thus, plaintiff asserts NASA's "witnesses should be subject to examination accordingly."  *Id.* at 4.

In plaintiff's supplemental brief, it "contends that for discovery purposes, NASA's position and teachings on the topics of 'Implied Authority', 'Imputation of Knowledge', and 'Ratification' are relevant and discoverable inasmuch as NASA's document directly contradicts its stated position in this lawsuit." Suppl. Br. at 2. Plaintiff specifically points to certain "training courses and materials" located on NASA's "Agency Training Administration website." *Id.* Plaintiff references information discussed during the deposition of Mark York, a NASA employee, regarding employee training courses and materials. *Id.* According to plaintiff, they are unable to describe the information any further "because NASA has steadfastly refused to answer ANY questions in this regard" and "one apparently needs access credentials" to further access the materials. *Id.* Thus, plaintiff seeks "to depose NASA on these teachings and whether NASA's actions toward, or interactions with, [plaintiff] were consistent with concepts it was teaching." *Id.* at 3.

The government argues that even with the limitations pursuant to the parties' joint motion for clarification, "the proposed topics still are not aimed at discovering information that has any bearing on whether NASA personnel acted properly as a matter of law and had actual authority under the law to obligate NASA." Joint Mot. for Clar. at 4 (emphasis omitted). "Training materials do not and cannot bind the Government or create any legal rights for a plaintiff as to delegated authority to act on behalf of and bind the Government." *Id.* The government further notes "[s]uch discovery can never be relevant and proportional to the needs of the case" under the RCFC. *Id.* at 5. According to the government, "the scope of a NASA employee's authority to bind the Government to a contract of a term in excess of five years" is restricted by statutory authority to the NASA Administrator and "the two NASA Headquarters officials delegated authority." *Id.* at 5–6. "NASA Center Directors may seek a waiver from the five year limitation on leases by submitting a request for a waiver to NASA Headquarters." *Id.* at 6.

In the government's response to plaintiff's supplemental brief, it seeks "a protective order with respect to [plaintiff's] proposed deposition[] topics." Resp. to Suppl. Br. at 1. The government notes "extensive research" and "combing through years of training records" are necessary "in order to prepare a witness to summarize course materials" pursuant to plaintiff's request. *Id.* at 3. Thus, the government asserts plaintiff's "supplemental brief fails to demonstrate that this burdensome exercise will generate any probative evidence in this case." *Id.* The government then reiterates the view that "training materials do not and cannot bind the Government or create any legal rights for a plaintiff as to delegated authority to act on behalf of and bind the Government." *Id.* Finally, the government opposes plaintiff's alleged use of the training materials during 30(b)(6) depositions to "contradict the legal positions that the Government has taken," alleging the "proposed cross-examination of a NASA lay witness for this purpose . . . constitutes an obvious misuse of the Rule 30(b)(6) deposition mechanism and would not generate probative evidence in this case." *Id.* at 4.

### c.  Analysis

Plaintiff may seek discovery of any nonprivileged matter relevant to the claims "and proportional to the needs of the case." RCFC 26(b)(1). The training materials plaintiff seeks to question the government's 30(b)(6) deponents on are predominantly publicly available

information.[2]  *See* Suppl. Br. at 2.  The government does not argue the identified training materials are privileged, but rather focuses on the relevancy of the materials as they concern plaintiff's claims related to contract formation with the government.  Joint Mot. for Clar. at 4 ("Training  materials do not and cannot bind the Government or create any legal rights for a plaintiff as to delegated authority to act on behalf of and bind the Government."); *id.* at 5 ([s]uch discovery can never be relevant and proportional to the needs of the case").

The government attempts to improperly narrow the scope of plaintiff's discovery.  The information plaintiff seeks to explore during the NASA officials 30(b)(6) depositions "need not be admissible in evidence to be discoverable."  RCFC 26(b)(1).  Plaintiff is not limited during depositions to inquiries into only information that will ultimately be admissible into evidence. Limiting the scope of depositions in this manner neuters the language of RCFC 26(b)(1).  The government discusses in great detail much of the relevant law governing formation of contracts with the government.  *See* Resp. to Suppl. Br. at 3–4.  Whether the training provided by NASA, or the related training materials used, are sufficient to alter the authority to bind the government to contract is not the standard to be applied during discovery.  Whether NASA officials received certain training regarding their authority to contract, and whether the officials actually had such authority, is a matter for the Court to decide after the record is complete and the matter is ripe for adjudication (e.g., on a motion for summary judgment or at trial).  *San Juan City College v. United States*, 391 F.3d 1357, 1362–63 (Fed. Cir. 2004) (stating it was "premature to decide" an award of damages where "[t]here has been no discovery" on the issue and finding "[t]he answer to that question must await the development of a complete record on the subject").

At this stage, plaintiff must show the information sought is relevant "and proportional to the needs of the case."  RCFC 26(b)(1).  The liberal scope of discovery provided by RCFC 26(b)(1) prevents the government from limiting plaintiff's ability to further develop a factual record related to this information.  *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (citing *Hickman*, 329 U.S. at 501) ("[D]iscovery allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses."); *see also Monarch Assurance P.L.C. v. United States*, 244 F.3d 1356, 1365 (Fed. Cir. 2001) (finding "the trial court abused its discretion" by "unduly constrain[ing] plaintiffs' right to discovery as provided by federal rules, and thus their ability possibly to prove authority to contract").

In *Hermann v. United States*, this Court addressed similar requests from the government to limit the proposed scope of deposition topics.  127 Fed. Cl. 22 (2016).  The government in *Hermann*, defending an income tax refund and interest payment dispute, raised relevancy objections to the plaintiff's proposed deposition topics of a revenue agent with the Internal Revenue Service ("IRS").  *Id.* at 37.  "At the hearing, plaintiffs conceded that [the IRS revenue agent's] deposition testimony cannot bind the government or the IRS as an admission of error, and they asserted this was not their intent in the formulation of the deposition topics."  *Id.* at 38. This Court found the plaintiff's proposed deposition topics "wholly appropriate" to the extent

---

[2] Plaintiff notes that NASA maintains an "Agency Training Administration website which indicates a significant database or repository of data exists in an indexed, computerized format."  Suppl. Br. at 2.  While this database is largely searchable, "one apparently needs access credentials" to further view the information.  *Id.*  Plaintiff further notes "each employee may have their own account that tracks courses or training they have attended."  *Id.*

they sought "to establish a record of what happened, from the IRS's perspective, with regard to their tax assessment." *Id.* In the present case, plaintiff wishes to present publicly available training materials to NASA officials and inquire into contract formation-related training received by the NASA officials. To the extent plaintiff seeks to present such evidence and conduct questioning to establish a record of what occurred during the time at issue, such information falls within the liberal scope of discovery under RCFC 26(b)(1). The Court need not make any determination at this time whether the training provided, or the related training materials, alter the authority of NASA officials to bind the government to contract. Such a determination is not yet before the Court at this early stage of discovery proceedings.

The government seeks entry of a protective order to "forbid[] inquiry" into the government contract-related training and training materials provided to NASA officials. RCFC 26(b)(5)(c)(1)(d). Entry of a protective order requires a showing of "good cause" as to why such an order should be entered. *Forest Prods.*, 453 F.3d at 1361. The government does not present evidence sufficient to satisfy the good cause standard. Rather, the government focuses only on whether the information plaintiff seeks to cover during the NASA depositions is relevant to plaintiff's claims. *See, e.g.*, Resp. to Suppl. Br. at 4 ("Such discovery can never be relevant and proportional to the needs of the case"). Accordingly, consistent with the liberal scope of discovery within RCFC 26(b)(1), and the government's failure to satisfy the "good cause" standard for issuance of a protective order pursuant to RCFC 26(b)(5)(c)(1)(d), the government is not entitled to a protective order that would shield inquiry into the identified training of NASA officials and related training materials.

## III.   Judicial Notice of Conflict Between Previous and Current Positions Taken by the Government

### a.   Applicable Law

"The Court of Federal Claims may take judicial notice consistent with the provisions of Federal Rule of Evidence (FRE) 201." *Confidential Informant 59–05071 v. United States*, 134 Fed. Cl. 698, 711 (2017), *aff'd*, 745 Fed. Appx. 166 (Fed. Cir. 2018) (mem.) (citations omitted). "The United States Court of Appeals for the Federal Circuit has held that the question of whether to take judicial notice is a matter of discretion for this Court." *Pryde v. United States*, No. 15-878, 2017 WL 6397828, at *13 (Fed. Cl. Dec. 15, 2017) (citing *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1367 (Fed. Cir. 2014)). FRE 201(a) defines the scope of judicially noticeable facts as "adjudicative fact[s] only, not . . . legislative fact[s]." FRE 201(b) permits this Court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." When taking judicial notice pursuant to a request of the parties, the Court must be "supplied with the necessary information." Fed. R. Evid. 201(c)(2).

### b.   Parties Arguments

Plaintiff references publicly available training materials to propose the Court "take judicial notice of NASA's position on its training [materials] that express delegation is not the

only means by which NASA can [be] bound to its commitments." Joint Mot. for Clar. at 3 (emphasis omitted) (citing *De La Paz v. Bayer Healthcare LLC*, 159 F. Supp. 3d 1085, 1096 n.5 (N.D. Cal. 2016)). According to plaintiff, the positions taken by the government during previous 30(b)(6) depositions in this case differ from the positions advanced through the various training procedures and materials. *Id.* Specifically, plaintiff alleges "NASA teaches a position on formation of a binding agreement without express written delegation of authority contrary to its position and Answer in this suit." Suppl. Br. at 3. Plaintiff asks the Court to take judicial notice of this discrepancy in order to show "that NASA breached its duties of good faith and fair dealing with [plaintiff]." Joint Mot. for Clar. at 3.

The government argues "[Federal Rule of Evidence] 201 does not apply" because it "permits the Court to take judicial notice only of 'adjudicative fact[s].'" Resp. to Suppl. Br. at 5–6 (quoting Fed. R. Evid. 201(a)). According to the government, plaintiff "request[s] the Court to draw a legal conclusion as to the existence of purported conflicts between NASA's legal position in its training and the positions taken by the [government] in this litigation." *Id.* at 6. The government further argues that even if such information were of the type which could be judicially noticed, plaintiff "neglects to supply the Court with the 'necessary information' required to identify any purported conflict." *Id.* (quoting Fed. R. Evid. 201(c)(2)). Lastly, the government argues plaintiff's assertions are "subject to reasonable dispute" regarding any alleged conflict between the information contained in the training procedures and related materials and the government's position in this litigation. *Id.* (quoting Fed. R. Evid. 201(b)).

### c. Analysis

Plaintiff asks the Court to "take judicial notice of the fact that NASA teaches a position on formation of a binding agreement without express written delegation of authority contrary to its position and Answer in this suit." Suppl. Br. at 3. This Court requires any facts subject to judicial notice be "not subject to reasonable dispute" as a result of being either "generally known" or "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When taking judicial notice pursuant to a request of the parties, the Court must be "supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Judicial notice is reserved for information "not subject to reasonable dispute." Fed. R. Evid. 201(b). This Court has previously taken judicial notice of: definitions in dictionaries and encyclopedias; the outcome of previous judicial decisions; and addresses of government buildings. *See Osage Tribe of Indians of Ok. v. United States*, 95 Fed. Cl. 469, 473 (2010) (taking judicial notice of various definitions in dictionaries and encyclopedias); *Scott Timber Co. v. United States*, No. 05-708, 2008 WL 4725447, at *1 (Fed. Cl. June 19, 2008) (finding "the outcome of, rather than particular facts found in, the cited cases" subject to judicial notice); and *Myers Investigative and Sec. Servs., Inc. v. United States*, 47 Fed. Cl. 288, 297 (2000) (taking judicial notice of "[i]nformation concerning all the addresses of [various] federal buildings located in Ohio"). Conversely, this Court has declined to take judicial notice of the following: findings of both fact and law in related court proceeding in another court; news articles and press releases; and the authenticity of various documents and statements contained within the documents. *See Pryde*, 2017 WL 6397828, at *13 (declining to take judicial notice of "findings of fact and conclusions of law" of related court proceedings in another court); *Confidential*

*Informant 59–05071*, 134 Fed. Cl. at 711–12 (declining to take judicial notice of "news articles, press releases, and court filings"); and *Murakami v. United States*, 46 Fed. Cl. 731, 738–39 (2000) (declining to take judicial notice of "the authenticity of the documents . . . and the statements made therein").

Plaintiff wishes for the Court to take judicial notice of NASA's position on various topics and information allegedly taught to certain NASA employees, and then contrast such information with the government's legal theories advanced in the present case. *See* Suppl. Br. at 3. This information is not an "adjudicative fact" as set forth in FRE 201(a), but rather a legal conclusion recognizing alleged conflicts between the legal positions in the case. NASA's position on various training methods, and materials related to contract formation, are akin to the information contained in the latter not-judicially-noticed category outlined above. *See, e.g.*, *Pryde*, 2017 WL 6397828, at *13; *Confidential Informant 59–05071*, 134 Fed. Cl. at 711–12; *Murakami*, 46 Fed. Cl. at 738–39. Plaintiff may inquire into the training procedures and related training materials without the need for the Court to take judicial notice of such materials at this early stage of discovery.

## IV.    Conclusion

Plaintiff's request to conduct 30(b)(6) depositions of NASA officials covering the information set forth in deposition topics 23 and 24 is **GRANTED**. The government's request for a protective order shielding it from discussing the information and materials defined in deposition topics 23 and 24 is **DENIED**. Plaintiff's request for judicial notice of any positions taken by NASA or related training materials in furtherance of the depositions is **DENIED**. The parties shall file a joint status report on or before **30 April 2020** outlining the schedule for the remaining depositions and other discovery in this case.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge